IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BROOKE CRUTCHFIELD, | ) |
| Plaintiff, | ) Case No. 21 C 0718 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| THOMAS MUCHOWSKI, FARMERS INSURANCE d/b/a THOMAS MUCHOWSKI INSURANCE AGENCY, FARMERS GROUP, Inc., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Brooke Crutchfield brings an eight-count complaint against defendants Thomas Muchowski, Farmers Insurance d/b/a Thomas Muchowski Insurance Agency,[1] and Farmers Group, Inc. ("Farmers"), alleging that her employer sexually harassed her. Plaintiff brings claims under the Illinois Gender Violence Act, 740 ILCS 82/1, et seq. (Count I), the Illinois Human Rights Act, 775 ILCS 5, et seq. ("IHRA") (Count II and Count III), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003-2, et seq. (Count VII), the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq., ("FMLA") (Count VIII), and claims for assault, battery, and intentional infliction of emotional distress (Count IV, Count V, and Count VI, respectively). Both Muchowski and Farmers have moved to dismiss. (Doc. 9; Doc. 26). In the course of the parties' briefing, plaintiff clarified that she brings an FMLA claim only against Farmers, and she agreed to voluntarily dismiss the Title VII count against Muchowski. For the reasons stated below, the court grants Farmers' motion (Doc. 9), declines to exercise jurisdiction over the

---

[1] Plaintiff concedes that she is unsure whether this entity exists. Defendant Farmers notes that no such entity is registered with the Illinois Secretary of State. The court will refer to the Muchowski defendants as "Muchowski."

remaining state law claims against Muchowski, and denies Muchowski's motion (Doc. 25) as moot.

## BACKGROUND

Plaintiff alleges that she began working for Muchowski on June 22, 2015, as the office manager for Muchowski's storefront Farmers' insurance office. Muchowski, Farmers, and plaintiff entered into an Appointment Agreement that authorized plaintiff to sell Farmers' insurance policies pursuant to her employment with Muchowski, a licensed Farmers' insurance agent. The Appointment Agreement states in relevant part:

> Principal [Muchowski] has an Appointment Agreement with the Companies [Farmers] as a Licensed Farmers Agent….
>
> Representative [Plaintiff] is being hired by Principal to assist in Principal's agency/district….
>
> Representative shall not be considered an employee of the Companies for any purpose… Principal agrees to pay all amounts required as a result of this relationship including, but not limited to, all amounts relating to employment taxes, Workers' Compensation insurance premiums, and licensing of Representative….
>
> 4. Principal will be solely responsible for the training of Representative. Principal further agrees to assume all responsibilities associated with Representative's employment by Principal, which include, but are not necessarily limited to, the following:
>
> > a. Complying with all local, state and federal laws governing employers and employees.
> >
> > b. Ensuring Representatives compliance with any state required continuing education….

The Appointment Agreement further states that Muchowski is: (1) an independent contractor of Farmers; (2) responsible for providing all facilities and supplies to further his business; and (3) solely responsible for determining whether to hire employees and how much to pay them. The

Appointment Agreement also provides that Farmers can terminate plaintiff as a Farmers' representative at any time, and subjects plaintiff to a one-year non-solicitation clause.

Plaintiff alleges that starting in June 2015 through her resignation on December 31, 2019, Muchowski subjected plaintiff to sexually offensive comments and touching. According to plaintiff, Muchowski would make frequent comments about her breasts and buttocks such as saying she "used to have a nice ass," and would discuss his sexual encounters with female customers. Plaintiff alleges that Muchowski would engage in inappropriate touching such as licking plaintiff's ear, pulling her hair, kissing her head, and rubbing her shoulders and back. Plaintiff also alleges that Muchowski would throw pieces of paper down her shirt. Incredibly, Muchowski's counsel claims that plaintiff does not allege any sexual harassment by Muchowski.

Plaintiff further alleges that in March 2018, she informed Muchowski that she was pregnant, and that Muchowski guaranteed her four weeks of paid maternity leave. Plaintiff alleges that after she informed Muchowski of her pregnancy, the harassment escalated. For example, Muchowski would ask plaintiff if "her boobs were getting bigger," touched her stomach, and would make comments about breastfeeding and offering to help her "pump." In September 2018, at twenty-five weeks pregnant, plaintiff was admitted to Rush Hospital for preterm labor as a result of stress. Plaintiff stayed in the hospital for three and half weeks and gave birth to her twins at twenty-eight weeks. Plaintiff alleges that one week after giving birth, Muchowski told her that her maternity leave was over, because he considered her three-week stay in the hospital before giving birth to be part of her maternity leave. Plaintiff returned to work, and Muchowski's harassment continued.

Plaintiff claims that she repeatedly told Muchowski to stop making comments and touching her, informed her friends and family of the harassment, and kept notes about each incident. On December 30, 2019, plaintiff resigned from her employment with Muchowski.

On June 30, 2020, she reported the alleged harassment to a Farmers' representative, for the first time. Plaintiff then timely filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and she cross-filed that charge with the Illinois Department of Human Rights. She received a right-to-sue letter from the EEOC on November 14, 2020, and timely filed her lawsuit on February 8, 2021. In her response brief to defendant's motion, plaintiff claims that she informed the Illinois Department of Human Rights of the EEOC's decision, but provides no supporting documentation.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Derfus v. City of Chi., 42 F.Supp.3d 888, 893 (7th Cir. 2014). In considering a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also be facially plausible. Aschroft v. Iqbal, 556 U.S. 662, 678 (2009); see also, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Both defendants move to dismiss under Rule 12(b)(6). Farmers moves to dismiss all counts against it, arguing that it was not plaintiff's employer. Muchowski raises a suite of issues with nearly every count, including timeliness issues, preemption issues, and failure to state

4

a claim. As noted above, plaintiff voluntarily dismissed the Title VII count against Muchowski because he had fewer than fifteen employees. See 42 U.S.C. § 2000e(b) (under Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has 15 or more employees for each working day").

Plaintiff brings only three counts against Farmers: Count III for a violation of the IHRA, Count VII for a violation of Title VII, and Count VIII for a violation of the FMLA. Farmers argues that all counts should be dismissed because plaintiff fails to allege that Farmers was plaintiff's employer, and that the Appointment Agreement demonstrates that Farmers could not have been plaintiff's employer.[2]

To maintain a claim for sexual harassment under Title VII, a plaintiff must allege an employer-employee relationship with the defendant. Love v. JP Cullen & Sons, Inc., 779 F.3d 697, 701 (7th Cir. 2015). Given the allegations in the complaint and the Appointment Agreement, it is clear that Farmers was not plaintiff's direct employer—Muchowski was. The Appointment Agreement states that Farmers is not plaintiff's employer and that Muchowski adopts all the responsibilities of an employer. No party disputes the existence of the Appointment Agreement. Further, there are no allegations that Farmers hired plaintiff, recruited her, set her salary, paid her, provided benefits, determined her schedule, or otherwise reviewed her performance. In fact, all of plaintiff's allegations indicate that Muchowski undertook these obligations and was plaintiff's direct employer.

---

[2] Courts may consider documents incorporated by reference in the complaint without converting the motion to dismiss into a motion for summary judgment. See Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002). The Appointment Agreement was referenced in the complaint and attached to the complaint as an exhibit.

5

Plaintiff argues that, at minimum, Farmers and Muchowski were plaintiff's joint employer. In considering whether an entity is a joint employer, courts consider five factors: "(1) the extent of the [entity's] control and supervision over the employee; (2) the kind of occupation and nature of skill required, including whether skills were acquired on the job; (3) the [entity's] responsibility for the costs of the operation; (4) the method and form of payments and benefits; and (5) the length of the job commitment." Thomas v. Couch Outlet Store, 2017 WL 386656, at *3 (N.D. Ill. Jan 27, 2017) (citing Love v. JP Cullen & Sons, Inc., 779 F.3d 697, 701-02 (7th Cir. 2015); see also Knight v. Farm Bureau Mut. Ins. Co., 950 F.2d 377, 378-79 (7th Cir. 1991). As the Seventh Circuit explained, these factors help the court determine "whether the putative employer exercised sufficient control, and whether the 'economic realities' are such that the putative employer can be held liable under Title VII." Love, 779 F.3d at 701-02.

Here, plaintiff has sufficiently alleged that Farmers and Muchowski were joint employers. The complaint alleges that Farmers had the ability to terminate plaintiff as a licensed representative of Farmers at any time (which would have effectively terminated her employment with Muchoswki), conducted at least one training event, and subjected plaintiff to a one-year non-solicitation clause. Plaintiff has alleged enough to infer a joint-employer relationship.

However, nothing in the complaint suggests that Farmers had anything to do with her harassment. There is no allegation that Farmers participated in, or was even aware of, the alleged harassment. The Seventh Circuit has held that for a joint employer to be held liable for an employment discrimination claim, a plaintiff must establish that the joint employer knew of the discrimination and failed to take reasonable corrective action within its control. Whitaker v.

6

Milwaukee Cnty., 772 F.3d 802, 810 (7th Cir. 2014); see also Shah v. Littelfuse Inc., 2013 WL 1828926, at *6 (N.D. Ill. Apr. 29, 2013). Plaintiff fails to allege that Farmers knew of the alleged harassment while it was occurring. In fact, plaintiff's complaint alleges that Farmers was uninformed of the harassment until six months after plaintiff resigned. Plaintiff's allegations contradict any notion of liability against Farmers. Consequently, Count VII is dismissed.

The FMLA claim in Count VIII and the IHRA claim in Count III should be dismissed for the same reasons. The FMLA provides than an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" to an "eligible employee." 29 U.S.C. § 2615(a)(1). Like Title VII, the FMLA requires an employment relationship. See Chapman v. Yellow Cab Cooperative, 875 F.3d 846, 849 (7th Cir. 2017). To establish a claim under the FMLA, an employee must show: (1) she was eligible for FMLA protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which he was entitled. Burnett v. LFW, Inc., 473 F.3d 471, 472 (7th Cir. 2006). Although plaintiff has alleged a joint-employer relationship, she has not alleged that she provided notice to Farmers, informed Farmers about her pregnancy or intent to take leave, and there is no allegation that Farmers denied plaintiff her FMLA benefits or otherwise participated in the issues with her leave. Once again, her allegations contradict any notion of liability against Farmers. Count VIII is dismissed.

For Count III, the IHRA requires an employment relationship for the plaintiff to state a claim for sexual harassment or discrimination. See Nischan v. Stratosphere Quality, LLC, 865

F.3d 922, 929-930 (7th Cir. 2014). In determining whether an employment relationship exists under the IHRA, Illinois courts apply a test nearly identical to the federal test applicable to Title VII claims. See Mitchell v. Dep't of Corr., 367 Ill.App.3d 807, 811 (1st Dist. 2006). For the reasons discussed above, plaintiff has alleged a joint-employer relationship, but has not alleged that Farmers was aware of the harassment or otherwise participated in it. Count III is dismissed.[3]

Having dismissed the claims against Farmers, all that remains are state law claims (assault, battery, intentional infliction of emotional distress, and claims under the Illinois Gender Violence Act and the IHRA) against a non-diverse defendant, Muchowski. The court declines to exercise supplemental jurisdiction over the remaining claims, 28 U.S.C. § 1367(c)(1)(3), and declines to address the merits of Muchowski's motion.

## CONCLUSION

For the reasons stated above, the court grants Farmers' motion to dismiss (Doc. 9) with prejudice. The court declines to exercise supplement jurisdiction over the state law claims, 28 U.S.C. § 1367(c)(1)(3), and the case against Muchowski is dismissed without prejudice. Muchowski's motion to dismiss (Doc. 26) is denied as moot.

ENTER:

Robert W. Gettleman
**United States District Judge**

**DATE: December 1, 2021**

---

[3] Plaintiff raises an additional argument for her IHRA claim: the IHRA was amended so that employers could be liable for the harassment of non-employees by employees. 775 ILCS 5/2-102 (A-10). But that amendment did not go into effect until January 1, 2020. Id. Plaintiff alleges that she left her employment with Muchowski prior to January 1, 2020, and thus, prior to the act taking effect. For the two alleged incidents of Muchowski driving by plaintiff's house after she resigned, the act would apply only if Muchowski was Farmers' employee. However, there are no plausible allegations from which the court could infer that Muchowski was Farmers' employee such that the amendment would apply.